May it please the court, Monty Cobb for the plaintiff. I need to make a point by bringing to the court's attention some factual developments that have occurred since the filing of this appeal and the briefing of it, and of which I've only become recently aware. I made counsel aware yesterday by conference call that I would be bringing this to the court's attention. The plaintiff has recently traveled by motor home to Tennessee, and I believe that's a significant fact because at the time that these motions were heard, the plaintiff's affidavit stated that he could not travel any significant distance, and that was something that we argued as a basis for opposing a change of venue or dismissal for lack of venue. In addition, the plaintiff has had surgery since the time of these motions, and so I'm going to suggest that the appropriate resolution for the Schneider motion, at least, would be to remand the case for reconsideration in the light of these new facts. I've only recently learned them. I haven't had time to prepare a motion for remand, but I believe that would be the appropriate thing for me to do, and I wanted to bring that to the court's attention. I have a point to bring to the court's attention, too, in regard to our reply brief. I don't believe we made an argument there that we should have made, and in that brief we were taken in, I think, by the train defendant's argument that the assertion that the claim could be pursued against train alone in the district court here in Oregon was something new. That had not been asserted at the trial court level, and I've given you a handout, hopefully through the services of the clerk, which is plaintiff's supplemental memorandum on defendant Schneider's motion to dismiss. Now, this memorandum is excerpted in train's supplemental excerpt of record at one through three, but train only included the portion of this memorandum that they relied on in their brief, which leaves out pages two through four of this memorandum. And in those pages, plaintiff argued that the claim against train should proceed in Oregon, even if the Schneider defendant's motion to dismiss was granted. We also argued at pages three and four of this memorandum that the train defendant's cross-claims against Schneider would also survive any motion to grant of Schneider's motion to dismiss. Let me make sure I understand something, Mr. Kopp. This plaintiff's supplemental memorandum on defendant Schneider's motion to dismiss, and it starts saying the court has requested plaintiff file a memorandum addressing these issues. That's not, we didn't request it, but this is part of the record of what you submitted to the district court, and you're submitting it because only part of it was given to us by Pelley? That's correct, Your Honor. Okay, I understand. And specifically, it appears in the court record at docket item 42. It was filed on October 15th of 2000. I think we have no problem, I don't think, considering that. I didn't understand. I just understood now, and that's clear now. Okay, well, go ahead and proceed. Thank you, Your Honor. But then on your issues vis-à-vis Schneider, you're not asking us to reverse the district court or affirm the, well, you wouldn't want us to affirm, but you're asking us to send it back, to remand it, so that you can address the change of the record. That's correct, Your Honor. The change of facts that you think should be addressed in the record. That's correct, Your Honor. And specifically, I think it would be incumbent on me as the plaintiff's counsel and the plaintiff to reevaluate our position as to venue, because if he can travel to Tennessee, although I don't know all the medical facts, it seems like a fair inference that he could travel to Wisconsin. And that takes away a major argument. It may depend on, if he has a nice motor home, someone else is driving, maybe that is something new. That may be. That's what you feel the case comes to us on a record that suggests something else. That's correct. So that needs to be addressed by the district court. And so I'd rather focus my argument today on the train motion, which was a motion based on four and nine convenience only. Train's motion was not based on any forum selection clause, because there's no contract between train and the plaintiff. And it's a very simple argument on that point, which is simply that the court, in its opinion and order, did not consider any of the factors that should be considered in a motion based on four and nine convenience. And the case should be remanded to the court to do exactly that. And I would like to reserve as much time as I can for rebuttal, since I may have to rebut two different arguments. OK. We have some complicated. Go ahead. All right. Is there are there any questions? You can you can reserve your whole time if you want. I'd like to. Thank you. Thank you. Now, who's arguing for Schneider? We are. May it please the court. Obviously, the new information council referred to that is now able to travel both presumably physically and economically is not in the record and not before this court. We certainly would not oppose any motion to supplement the record with the stipulation to that effect. What do you do you do you oppose the idea that we remand to the district court to consider reconsider the venue motion in light of a supplementation that would address the ability of Mr. Murphy, at least in this one instance, to travel? I would not go so far as to say that I oppose that procedure. But I would say that on the record that we do have, we have a trial court who has already determined that this foreign selection clause should have been enforced. Right. But he might have been wrong if if, in fact, Mr. Murphy couldn't travel at all and didn't have finances to travel. So you I mean, but we can't proceed on the record that's that appellate counsel has told us is inaccurate. So I agree. I think I agree with that proposition. I'm not sure what we can. Well, at least I would not favor affirming or reversing an inaccurate record. So I would I just as one judge, I would prefer to remand that aspect of the case. And I don't know how the other judges feel. Well, I'm I'm an old fashioned common law lawyer. And I view my role to decide a case on the basis of the record before us. And the record before us include is limited to what was before the district court. And I think it is possible to reach a decision on that issue on the basis of what we can. And I agree the fact that there are additional developments since we have many cases where there are different developments. But the question that I think that we have to decide is whether on this particular issue, the court erred in determining that under his physical condition and his financial condition, he could not travel to Wisconsin because that is the issue that it is that is that is relevant to the new development. And I'd like to hear you on. I guess it's unusual because there was no argument on the part of counsel opposing that that particular particular situation. So I guess you you start from scratch in defending the district court's determination of that issue on the basis of what was before the court. Absolutely, Your Honor. The district court was correct in its determination that the Federal Selection Clause should be enforced. Standard here, of course, is abuse of discretion, which is a high and difficult standard. This court would have to determine on the record that the trial court had before it that the trial court's decision is arbitrary or fanciful or that it was one which no reasonable person could have reached. That's discretion. Discretion. And the court had before it an affidavit. Is that the only information the court had other than the medical? What we have here is a statement that I have disability payments of two thousand dollars a month. And my wife is also disabled. I believe it was two hundred and thirty four dollars for her. The other evidence we had was the doctor's testimony or affidavit that he was able to drive a truck and he was limited to the weight he could lift. And he was not allowed to do any tarping. Is that a fair summary of the evidence that was before the district court? No, I thought that that Mr. Murphy's evidence before the district court included that he couldn't sit. He was not able to sit long enough to to be driving once he was disabled. I know he was earlier a truck driver, but under his disability, I thought he said he could no longer do that. Not only couldn't drive a truck, but he couldn't get in your passenger car and drive across the country because of the sitting problem. And and that he couldn't afford to fly across. You're correct. You're right. That's what is that on the record. Assuming we stick with that record, we don't remand it. That's the record before the district court. Correct. That judge Alvis would focus on it under his view. Correct. Then why wouldn't it be an abuse of discretion for a district court to enforce a form nonconvenience clause, which which is presumptively valid? But if under the circumstances, the the party involved would be foreclosed of their day in court because they couldn't fly across the country and they couldn't drive across the country. The situation before the district court was not unlike situations faced by many fact finders conflicting evidence. On the one hand, we had an affidavit from Mr. Murphy saying I can't sit for more than an hour and I can't drive. On the other hand, the district court had before medical records and medical chart notes indicating exactly the opposite, that he was, in fact, cleared by his physicians to be able to drive. The trial court sitting is a fact finder. I would I would suggest reviewing these conflicting statements reached a reasonable conclusion. Did he hold a hearing? This was a matter that was decided by the court on the material submitted. Your Honor, if he decided it just on the conflicting affidavit submitted, doesn't he have to credit the affidavit for Mr. Murphy? He's deciding it on a motion, but he doesn't have to credit it to the exclusion of other evidence. I thought the medical evidence predated his medical evidence, in fact, dictated his disability. These were the physicians who were treating him for this condition, which, in his opinion, said he couldn't drive. But in his doctor's opinion, they would release him back to work as a truck driver. So this was not an unreasonable decision, not not an unreasonable analysis for the trial court judge to make. And that's exactly the inquiry before us. Was it a reasonable conclusion? We submitted it. Was this on summary judgment? This was on a motion to dismiss on 12, 12, 6. Pardon me? On 12, 6, 12, 3. Your Honor. Is that venue? Yes. The improper venue where the trial court can't consider matters beyond just the pleadings themselves. That included the affidavit submitted by Mr. Murphy, the medical records that were submitted as well. On 12, 3, there's a court said it's a fact finder or is that analogous to a summary judgment where there's a genuine issue, a material fact that has to go to the court says as as the arbiter of whether to enforce this clause and whether the venue is proper or not. And that's a matter committed to the sound discretion of the trial court. Well, I know in 12, B1, you can add facts to be determined by the by the court. But 12, B3, can you make that 12, B3? As I said, the court can and I think should consider matters beyond the pleadings, which would include the affidavits and the various materials which were submitted by the parties on this issue. To guide the court in exercising discretion, whether to enforce the clause or not. Well, the problem that seems to bother Judge Gould and me is at this level. And there is controverted evidence. Is he permitted? Is the trial court permitted to make a fact finding? And if that's the case, is the standard of review clearly erroneous on the facts? I don't know. I'm quizzing. I'm not asking. I'm asking. I'm not quizzing. I haven't actually asked myself that same question, Your Honor.  And the judge has provided this material and has to make a call. Am I going to enforce the clause or not? What facts does he? I mean, if we consider as an abuse of discretion, the legal standards got to be applied to some set of facts. And the question is, in my mind, in this setting of a motion without a hearing where he's not made any findings, is do we have to credit Mr. Murphy's declaration? Because if I credit his declarations, then I view the case as coming in the exceptional category where you don't enforce a foreign nonconvenience clause. It's like the Walker case or something where people couldn't travel and they'd lose their day in court. If I understand how you're using the word credit, Your Honor, if by credit you mean does that establish it as fact without controversy, I say no, you don't credit it in that sense. You certainly, or excuse me, as a trial court judge would, you would certainly consider it as part of the record before you just as that same judge, just as that same court should consider all of the materials submitted by the parties, including the Athenian's medical records, which apparently contradict the statement. I have to go back to the treatise or something or precedent, because I can't remember ever encountering this precise issue. But can the court hold an evidentiary hearing when there's a 12B3 motion? The court could. And if the court doesn't, when there's, if there's conflicting evidence, and under Mr. Murphy's view of the evidence, the clause arguably should not be enforced. But under a different view of the evidence, it likely should be enforced. Does the district court have a duty to hold a hearing to decide? I mean, what's the rush here? Where's the fire? Why does he have to decide it on a motion? I don't think there was a rush. There was not a fire. The parties requested or could have requested oral argument. There could have been a full evidentiary hearing. The parties are free to submit whatever they want. I see that I'm out of time, so. I think we're questioning you, so we're going to give you extra time. There is no rush, then. Clearly, the court could have. Again, if there's conflicting evidence, I just, I come back to the same, it's almost a mantra, and I don't mean to be facetious about it. But this, the court looks at the evidence before it and then exercises discretion. If there is conflicting evidence, the court should not say, for example, I will only consider the evidence favoring keeping the matter here and disregard the rest. Similarly, I think it would be, it would be abusive if the court said, I will only consider medical records, for example, and disregard the affidavit. But to the extent that the court considers all the material that is before it, then the analysis and then the question on review is, was the decision reached by this, by the court, so unreasonable, so arbitrary, so fanciful, that no reasonable person could have reached that conclusion? And I guess I would argue that there is certainly more than enough information in the medical records that were submitted to justify and convince the trial court that Mr. Murphy could travel. Okay. Okay. Thank you. Now, I guess we hear from the Trains Council. Your Honors, may it please the Court, Lekia Gorman on behalf of the Train Company, Division of American Standard. Mr. Keenan and I had previously split our time and our 10 minutes are gone. May I? We'll give you, we'll just give you, do you need five minutes? Oh, I don't need five minutes. How much time do you need? I just need probably three. Okay. Well, go ahead and take three and a half minutes and be pleased you had. We want to give you a hearing. This is unusual because the argument opened with the appellant's advice that the factual record had changed, so it's a little atypical. So please take your, take the time you need. I appreciate that. Thank you. I would like to point out that based upon the district court's finding that the form selection clause was enforceable, the court's decision to dismiss Train was not an abuse of discretion. The court's decision was tied to the decision, again, that the form selection clause was enforceable. So if this court should reverse that decision or remand that decision regarding the form selection clause, its decision, the district court's decision regarding Train should also be evaluated. The Train decision has to be evaluated in light of the form nonconvenience clause enforceability, correct? The form selection clause. The form selection clause. Now, let me ask this. Would Train oppose a remand to the district court for supplemental factual development relating to the ability of Mr. Murphy to drive or his travels? I think that what I would say. Do you feel that we should resolve this on the record we have right now? I think that there is sufficient evidence in the record to resolve this based upon Mr. King's argument, as well as the medical records that support the fact that Mr. Murphy, the plaintiff, was able to travel. However, if this court is inclined to reverse the district court's decision, I would be more in favor of a remand so that the decision regarding the form selection clause could be reevaluated in light of the new factual evidence with instructions. Perhaps, although I don't know if then the court would just not instruct the district court regarding dismissal of Train under form nonconvenience or if it would ask the court to reevaluate that decision, I guess I would. The decision to enforce the form selection clause is so clearly tied to the decision about Train. I guess I would just ask the court to affirm the district court's finding on form nonconvenience pending a reevaluation or a remand regarding the enforceability of the form selection clause and that outcome would determine what happens to Train. But I don't think that the district court should reevaluate its decision regarding the form selection clause. I want you to help me. Putting aside the question of the physical condition of the original plaintiff, what can this court decide absent that situation? What can we decide now absent that physical condition of the plaintiff? Well, this court can decide to affirm the district court's decision, can enforce the form selection clause, can affirm the dismissal of Train based upon form nonconvenience, and then plaintiff can refile in Wisconsin in the circuit court or the county court that is designated in the contract between Snyder and plaintiff. How can we enforce the form nonconvenience if the plaintiff's condition is an issue? How can this court enforce the form selection clause? I ask the question that putting aside anything dealing with the defense of inability to travel, what can we decide now? If we could parse different elements of the issues presented here. This court can affirm the decision of the district court to dismiss Train. On what basis? Pending a remand of the decision to enforce the form selection clause. You mean sort of conditionally? Conditionally. If the form selection clause issue doesn't change, what you did with Train was okay? Exactly. Yeah, okay. Exactly. And I see my time is up if you have further questions. Fine. Thank you. No, thanks. All right. Now, Mr. Cobb, you got us started. We'll let you finish up the argument here. Thank you, Your Honor. I don't really understand what Train's counsel is suggesting this court should do, some kind of conditional remand. No, I understand what she wants us to do. All right. I don't know if the other judges do. I think we understand. We got it. I think what you should really address or what I would urge you to address is, if we look at this on the record just before us, what's the answer to our pondering questions about how the district court should have viewed the facts? And then as you answer that, I would like you to discuss this whole question of fact-finding on the 12b-3. Obviously, you have considered the various authorities. For example, I'd like to know what Professor Wright states in his treatise on this particular issue, if you have happened to look at that authority. I have not looked at it, Your Honor. I couldn't tell you what that treatise has to say. Maybe all the parties could stipulate we could follow Wright and Miller and Cain if Ninth Circuit has no authority. They're pretty good. Arthur Miller was one of my law professors years ago. Go ahead, please. Give me a shirt. I won't challenge it then, Your Honor. You can challenge it. I think that following up on the court's questioning of Mr. Keenan, what the district court did was actually determine the credibility of witnesses when it was decided between the affidavit of the plaintiff and the medical record that was submitted by the defendant, who was the statement of one of the plaintiff's physicians. So the physician said he can drive and the plaintiff said he could not sit or ride for a certain length of time. The court could not do that based on affidavits and documentaries. All right. That's why it's probably very important to learn what the precise standard of review is. If we would consider this comparable to a summary judgment, we would have conflicting affidavits and we would say there was a genuine issue of material fact. If, on the other hand, the law would be that the court on a B3 situation may find facts, the standard of review would be, is the finding of fact clearly erroneous? And I'm wondering if you would address both of those issues based on the record. I think the standard of review, if the court can find facts, would be, is this finding clearly erroneous? Why? Because when a court sitting without a jury makes findings of fact based on an evidentiary hearing, that is the standard of review, whether it's a hearing or a bench trial or any similar kind of evidentiary hearing. Did the court make a finding of fact here? No, the court did not. And that's my second point, is the court did not make findings of fact here so that this court cannot apply that standard of review. And perhaps the correct rationale for remand is that the order of the district court does not provide sufficient information for this court's review, and therefore it should be remanded for a hearing and for the court to make appropriate findings of fact. But in any event, I know of no authority for a court to make a hearing on any motion to make findings of fact without considering a full, without providing an opportunity for a full evidentiary hearing. Do I understand, would I be correct in understanding that neither the plaintiff nor the defendants requested that the judge have an open evidentiary hearing? That's correct. So there's a motion filed, and the motion's filed by defendants on venue change. They probably attached a contract. It's got a form selection. And then Murphy submits an affidavit opposing it, which is basically a yes, but. Yes, the contract says that, but I can't really travel now. Correct. And that's, who submits the doctor stuff? The defendant. And it applies? Well, I don't, I'd have to check the treatise and check our precedent. But I would, I would at least start with the principle that like on us, normally if a motion to dismiss is controverted with an affidavit, that it's in effect converted into a summary judgment motion. Although there may be some special wrinkles under Rule 12B3. But if that, if it is converted in essence into a summary judgment, then I would think Murphy would be entitled to have his affidavit credited for purposes of a ruling if the ruling went against him. But we'll have to take a closer look at that, because I don't think any counsel here today are addressing the standard that we need to do a little studying on that. I don't think that time is up unless there's something urgent that you feel you need to say. We should close the argument. Thank you. Okay. Well, thank you. And counsel, we thank you for your argument and your flexibility in dealing with the unexpected twists and turns of the arguments. Okay. The case will be submitted. If we need supplemental briefing or something, we'll ask for it. Otherwise, we'll just decide what we think.
judges: Aldisert , Hall, Gould